# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **CORAY E. KNIGHT, SR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:15-cv-0421** |
| | ) | |
| **MONTGOMERY COUNTY CIRCUIT COURT,** | ) | **Judge Trauger** |
| **MONTGOMERY COUNTY, TENNESSEE** | ) | |
| **(CLARKSVILLE), HELEN YOUNG (D.A.),** | ) | |
| **DETECTIVE ERIC EWING (CPD),** | ) | |
| **CLARKSVILLE POLICE DEPARTMENT,** | ) | |
| **DETECTIVE MICHAEL ULREY (CPD),** | ) | |
| **TIM RICKTOR, BRIAN PRICE,** | ) | |
| **WAYNE CLEMMONS, and GOBLE LAW FIRM,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION

Plaintiff Coray E. Knight, Sr., a pretrial detainee presently held at the Montgomery County Jail in Clarksville, Tennessee, has filed a complaint in this court under 42 U.S.C. § 1983, alleging that his civil rights have been violated in connection with his arrest and ongoing detention and prosecution in Montgomery County. His complaint (ECF No. 1) is before the court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"). For the reasons set forth herein, the complaint will be dismissed for failure to state a claim for which relief may be granted. The plaintiff articulates claims that must be raised as defenses in his state criminal proceedings. To the extent he seeks dismissal of the state charges against him on the basis that he is being detained in violation of his constitutional rights, he has the option of pursuing a petition for the writ of habeas corpus, but he must first exhaust any and all state-court remedies.

## I. Standard of Review

Under the PLRA, the court must conduct an initial review of any civil complaint brought by a prisoner if it is filed *in forma pauperis*, 28 U.S.C. § 1915(e)(2), or seeks relief from government entities or officials, 28 U.S.C. § 1915A. Upon conducting this review, the court must dismiss the complaint, or any portion thereof, that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A. The Sixth

Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

In reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). A *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## II.    Factual Allegations

In the case caption of his complaint, the plaintiff identifies the defendants only as "Montgomery County/CPD, Goble Law Firm/D.A." (ECF No. 1, at 1.) In the body of his complaint, he identifies the defendants as: (1) the Circuit Court for Montgomery County; (2) Montgomery County, Tennessee (Clarksville); (3) Helen Young (D.A.); (4) Detective Eric Ewing (CPD); (5) Detective Michael Ulrey (CPD); (6) Tim Ricktor, a lawyer employed by the Goble Law Firm; (7) Brian Price, a lawyer employed by the Goble Law Firm; and (8) Wayne Clemmons, a lawyer employed by the Goble Law Firm. The natural-person defendants are sued in their individual capacity only, while the Montgomery County Circuit Court and Montgomery County are named in their "official" capacity. Based on the list in the body of the complaint, it is unclear whether the plaintiff actually intended to name as defendants the CPD (presumably the Clarksville Police Department) and the Goble Law Firm, or whether he intended to name the city of Clarksville as an entity separate and distinct from Montgomery County. Construing the complaint liberally, as is required for *pro se* complaints, the court will assume at this juncture that he did and will address the claims against each of these defendants.

Mr. Knight states that he was arrested in May 2013 with two co-defendants; he has apparently been held in custody since that time. Although he does not state so clearly, it appears he was charged with murder or some variant thereof. He alleges that there has been "favoritism" because his co-defendants were known to the courts, police, prosecutor, and judges. One judge has recused him or herself from the case. The plaintiff filed a motion to disqualify the prosecutor based on her prior relationships with the victim, the victim's family members, and one of the co-defendants, but no action has been taken on his motion.

The plaintiff alleges that his due-process rights have been violated because (1) defendants Ewing and Ulrey lied on the stand during the preliminary hearing; (2) the Bill of Particulars in his case does not list a specific time of death, cause, or location of the victim's death; (3) the state has not provided discovery to him; (4) his right to a speedy trial has been repeatedly violated as his court date has been set and re-set over 20 times; and (5) the prosecuting attorney, defendant Helen Young, has a conflict of interest and failed to prosecute the plaintiff's co-defendant "fully to the law." (ECF No. 1, at 8.)

The plaintiff also alleges that his Sixth Amendment right to the effective assistance of counsel has been violated because, without the Bill of Particulars and discovery, counsel cannot prepare an adequate defense, and because he has had six different lawyers, none of whom will call, write or communicate adequately with him and his family. He also alleges that his attorneys have not fully investigated the charges against him, failed to undertake formal discovery, and made no attempt to plea bargain, despite the fact that both co-defendants have already received plea deals. He further alleges that he has been held on an excessive bond, in violation of the Eighth Amendment.

The plaintiff demands relief in the form of dismissal of the charges against him, nominal damages, punitive damages in the amount of $505,000 against Montgomery County, compensatory damages in the amount of $35,000 from defendant Helen Young, and lost wages, pain and suffering in the amount of $35,000 from defendants Tim Ricktor, Wayne Clemmons, and Brian Price. The plaintiff does not specify the relief sought from the police officer defendants individually.

## III.    Discussion

The plaintiff seeks to bring suit under 42 U.S.C. § 1983 to vindicate alleged violations of his federal constitutional rights. Section 1983 confers a private federal right of action against any person who,

acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983. Even where these elements are met, however, a plaintiff may not pursue damages claims against a defendant who is immune from such relief under federal law.

Based on these principles, the claims against defendants Tim Ricktor, Wayne Clemmons, and Brian Price are subject to summary dismissal for failure to state a claim for which relief may be granted, because private defense attorneys are not state actors or "persons acting under color of state law" who are subject to suit under § 1983. *See Floyd v. Cnty. of Kent*, 454 F. App'x 493, 497 (6th Cir. 2012) ("Defense attorneys, whether compensated by the State or retained by a client, do not act under color of state law when they perform a lawyer's traditional functions as counsel to the accused in a criminal proceeding." (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981)); *Cicchini v. Blackwell*, 127 F. App'x 187, 190 (6th Cir. 2005) ("Lawyers are not, merely by virtue of being officers of the court, state actors for § 1983 purposes." (citing *Polk*, 454 U.S. at 318)). The Goble Law Firm is likewise not a state actor and is not subject to suit under 42 U.S.C. § 1983. The claims against the Goble Law Firm, too, are subject to dismissal.

Regarding the claims against "Helen Young (D.A.)," as a state prosecutor, defendant Young is a "state actor," but she is protected from suit by the common-law doctrine of prosecutorial immunity. In *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976), the Supreme Court held that state prosecuting attorneys generally are absolutely immune from § 1983 liability for "initiating a prosecution and . . . presenting the State's case." Since *Imbler*, courts have extended the immunity beyond those steps, to cover any activities undertaken "in furtherance of the duties of [her] office as a prosecutor." *Higgason v. Stephens*, 288 F.3d 868, 877 (6th Cir. 2002). The Sixth Circuit has explained that "[t]he analytical key to prosecutorial immunity . . . is *advocacy*—whether the actions in question are those of an advocate." *Spurlock v. Thompson*, 330 F.3d 791, 798 (6th Cir. 2003) (emphasis in original; citation omitted). This immunity covers a prosecutor's actions in preparing and filing charging documents, including requests for

arrest warrants, *Kalina v. Fletcher*, 522 U.S. 118, 129 (1997), and the decision to file a criminal complaint. *Ireland v. Tunis*, 113 F.3d 1435, 1446 (6th Cir. 1997). It even applies when a prosecutor acts wrongfully or maliciously. *See Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989) (prosecutor absolutely immune from suit for allegedly conspiring to present false charges to the grand jury). However, if the challenged actions of the prosecutor "do not relate to an advocate's preparation for the initiation of a prosecution or for judicial proceedings," for instance, if they are investigatory or administrative in nature, then only "[q]ualified immunity" applies. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). In this case, the challenged actions by defendant Young have primarily to do with her treatment of the plaintiff's co-defendants' cases, which was clearly undertaken in her role as prosecutor. The other allegations against her concern actions that were also "intimately associated with the judicial phase" of the case—the provision of the Bill of Particulars and discovery in the plaintiff's criminal case. The court finds that the claims against Young are subject to dismissal on the basis of absolute prosecutorial immunity.

If the plaintiff intended to name the Clarksville Police Department as a defendant, the police department is a division of the city of Clarksville but is not itself a separate legal entity susceptible to liability under § 1983. *See, e.g.*, *Boykin v. Van Buren Twp.*, 479 F.3d 444, 450 (6th Cir. 2007) (rejecting claim against township police department on the basis that it was subsumed within township itself for purposes of establishing municipal liability); *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) ("[T]he Sheriff's Department is not a legal entity subject to suit[.]" (citation omitted)). *See also Mathes v. Metro. Gov't of Nashville & Davidson Cnty.*, No. 3:10-cv-0496, 2010 WL 3341889, at *1–2 (M.D. Tenn. Aug. 25, 2010) (collecting cases holding that police and sheriff's departments are not entities subject to suit under § 1983). The plaintiff also names both Clarksville and Montgomery County as defendants. However, while a municipality is a "state actor" subject to suit under 42 U.S.C. § 1983, a municipality cannot be held responsible for an alleged constitutional deprivation unless there is a direct causal link between a policy or custom of the municipality and the alleged constitutional violation. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). To state a claim against a municipality, a plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (citations omitted). In this case, the plaintiff has not attempted to identify a policy or show how he was injured as the

result of the execution of any such policy. He fails to state a claim against the city of Clarksville or against Montgomery County.

Insofar as the plaintiff seeks to bring claims against the Circuit Court of Montgomery County, the Circuit Court is a political subdivision of either Montgomery County or the state; like the Clarksville Police Department, it is not a suable entity in itself. If the Circuit Court is a state agency, it is not a "person" subject to suit under 42 U.S.C. § 1983 and in any event is immune from suit under the Eleventh Amendment. *See Regents of Univ. of Calif. v. Doe*, 519 U.S. 425, 429 (1997) (sovereign immunity applies not only to the states themselves, but also to government entities that act as "arm[s] of the State"); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71(1989) (holding that the state, its agencies, and its officials acting in their official capacities are not "persons" under § 1983). If the court is instead a political subdivision of the county, it cannot be liable because, as discussed above, the plaintiff has not identified a policy, connected the policy to the county itself, and shown how he was injured as the result of the execution of that policy. The claims against the Circuit Court must also be dismissed for failure to state a claim for which relief may be granted.

Finally, the plaintiff brings claims against two police detectives on the basis that they lied on the stand during a preliminary hearing. In *Briscoe v. LaRue*, 460 U.S. 325, 326 (1983), the Supreme Court held that police officers are absolutely immune from damages liability under 42 U.S.C. § 1983 based upon their testimony in judicial proceedings, even if they have given perjured testimony. *See also Alioto v. City of Shively, Ky.*, 835 F.2d 1173, 1174 (6th Cir. 1987). Accordingly, the plaintiff's claims against defendants Ewing and Ulrey for giving of false testimony must be dismissed.

## V. CONCLUSION

For the reasons set forth herein, the complaint will be dismissed in its entirety. An appropriate order is filed herewith.

Aleta A. Trauger
United States District Judge